

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-13-00472-CR

EX PARTE
CARL ESREY

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Carl Esrey filed his application for writ of habeas corpus in the district court challenging the validity of his 1990 misdemeanor conviction for attempted burglary of a vehicle with intent to commit theft. He argued that his conviction should be set aside as involuntary because the trial court had not provided the admonitions required by article 26.13 of the code of criminal

---

[1]*See* Tex. R. App. P. 47.4.

procedure.[2]  The trial court denied Appellant's requested relief on the ground of laches.

As this court recently explained, "We review the trial court's decision to deny habeas corpus relief for an abuse of discretion.  We will uphold the trial court's judgment as long as it is correct on any theory of law applicable to the case."[3]

The State pointed out in its response to Appellant's brief in support of his application for habeas relief that the law is well-established that the requirement of article 26.13 admonitions does not apply in misdemeanor cases.[4]  Further, as the trial court found, the 1990 judgment of conviction indicates that the convicting court "duly admonished [Appellant] as to the consequences of [his guilty] plea, including the range of punishment attached to the offense and the fact that any recommendation of the prosecuting attorney [would] not [be] binding on the court, yet [Appellant] persist[ed] in entering such plea."  Appellant has offered no evidence to rebut the presumption of regularity of that judgment.[5]  Because article 26.13 does not apply to misdemeanor cases and Appellant has not

---

[2]See Tex. Code Crim. Proc. Ann. art. 26.13 (West Supp. 2013).

[3]*Ex parte Evans*, 410 S.W.3d 481, 484 (Tex. App.—Fort Worth 2013, no pet.) (citations omitted).

[4]*State v. Guerrero*, 400 S.W.3d 576, 589 (Tex. Crim. App. 2013).

[5]*See id.* at 584–85.

otherwise rebutted the presumption that his plea was voluntary, we affirm the trial court's order denying habeas relief.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 17, 2014